Denied. This motion is devoid of merit. In forma pauperis denied for appeal.
SO ORDERED: 8/18/17

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

RECEIVED AUG 17 2017 PRO SE OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------x
Barbara J. Riley,

        Plaintiff,

v.

City of New York, et al.,

        Defendants.
-------------------------------------x

Civil Action 1:14-cv-4482 (BMC)

Pro Se Plaintiff's Motion to
Include the Judiciary Act of 1789,
Exclude Rooker-Feldman and for Relief

PRO SE PLAINTIFF'S MOTION TO INCLUDE THE JUDICIARY ACT OF 1789, EXCLUDE THE ROOKER-FELDMAN DOCTRINE AND FOR RELIEF FROM VOID ORDER, VOID JUDGMENT AND SIMULATED DEFAULT JUDGMENT-CLOUD WITH INCORPORATED MEMORANDUM OF LAW

    Comes Now pro se plaintiff, Barbara J. Riley, moves the Court to include the Judiciary Act of 1789, to exclude Rooker-Feldman doctrine and for relief from the void non-jury trial Doc. 48 Order dated October 29, 2014, Doc. 49 Clerk's Judgment dated October 29, 2014 and simulated default judgment-Cloud dated October 26, 2011 that forms an unconstitutional incumbrance upon pro se Plaintiff Florida Resident's secured Title fee simple, pursuant to Federal Rules of Civil Procedure 60(b)(4)[1] and pursuant to Title 28 U.S. Code § 1655, respectively, because the Judge excluded the Judiciary Act of 1789 as including the Rooker-Feldman doctrine that resulted in a fraud upon the Court itself that resulted in violation of pro se Plaintiff's secured due process rights and the equal protection of the laws, and, says, that,

The courts hold "An unconstitutional act is not law; it confers no rights; it imposes no duties; affords no protection; it creates no office; it is in legal contemplation, as inoperative as though it had never been passed." See, Norton vs. Shelby County, 118 U.S. 425 (1886).
1. Justice requires setting aside, vacating or modifying the void Order and Clerk's judgment of

_____
[1] That the pro se motion should not be simply denied because pro se Plaintiff may have invoked the improper reason or Rule sub-part since the substantive argument for relief is apparent. See Nelson v. Napolitano, 657 F.3d 586, 589-90 (7th Cir. 2011).

- 1 -